IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

BRIAN THACKER
*Plaintiff*,

v.

TRANS UNION LLC, VERIZON VIRGINIA, LLC, AND SOUTHWEST CREDIT SYSTEMS, L.P.
*Defendants*.

CIVIL ACTION NO. 1:12-cv-00779-LO-JFA

**DEFENDANT TRANS UNION LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Trans Union LLC ("Trans Union"), by counsel, files its Answer and Defenses to Brian Thacker's ("Plaintiff") Complaint ("Complaint"). The paragraph numbers below correspond to the paragraph numbers contained in the Plaintiff's Complaint to the extent possible.

**PRELIMINARY STATEMENT**

1. Trans Union admits that Plaintiff brings this action for actual, statutory and punitive damages, costs and attorney's fees pursuant to the Fair Credit Reporting Act ("FCRA"). Trans Union denies any liability to Plaintiff, and further denies that it violated the FCRA.

**JURISDICTION**

2. Trans Union admits that jurisdiction is appropriate in Federal Court.

3. Trans Union admits that venue is appropriate.

**PARTIES**

4. Trans Union admits that Plaintiff is a "consumer" as defined by the FCRA. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint and, therefore, denies same.

5. Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware, and is authorized to do business in the Commonwealth of Virginia.

Trans Union further admits that it maintains a registered agent in Virginia. Trans Union denies the remaining allegations contained in paragraph 5 of the Complaint.

6. Trans Union admits that it is a "consumer reporting agency" as defined by the FCRA. Trans Union further admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties. Trans Union denies the remaining allegations contained in paragraph 6 of the Complaint.

7. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies same.

8. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and therefore, denies the same.

9. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore, denies the same.

**FACTS**

10. Trans Union admits that on July 16, 2011, Plaintiff requested and was sent a copy of his Trans Union credit disclosure. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint and, therefore, denies same.

11. Trans Union admits that it was reporting Verizon VA account #....0254. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint and, therefore, denies same.

12. Trans Union denies the allegations contained in paragraph 12 of the Complaint.

13. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies same.

14. Trans Union admits that on July 21, 2011, it received correspondence from Plaintiff disputing Verizon VA account #...0254. Trans Union denies the remaining allegations contained in paragraph 14 of the Complaint.

15. Trans Union admits allegations contained in paragraph 15 of the Complaint.

16. Trans Union admits that enclosed with Plaintiff's correspondence received July 21, 2011, was a front and back copy of a check, dated 10/22/10, from Verizon and made payable to Plaintiff. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint and, therefore, denies same.

17. Trans Union admits that on July 18, 2011, Plaintiff disputed, via telephone, the reporting of the Verizon VA account #...0254. Trans Union denies the remaining allegations contained in paragraph 17 of the Complaint.

18. Trans Union admits that on August 2, 2011, in response to Plaintiff's July 18, 2011 dispute, the results of its reinvestigation were sent to Plaintiff for review. Trans Union denies the remaining allegations contained in paragraph 18 of the Complaint.

19. Trans Union admits that on August 5, 2011, in response to Plaintiff's July 21, 2011 dispute, the results of its reinvestigation were sent to Plaintiff for review. Trans Union denies the remaining allegations contained in paragraph 19 of the Complaint.

20. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies same.

21. Trans Union denies the allegations contained in paragraph 21 of the Complaint. As to the remaining Defendants, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies same.

22. Trans Union denies the allegations contained in paragraph 22 of the Complaint.

**COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b)**
**(TRANS UNION)**

23. Trans Union restates and incorporates its responses to paragraphs 1 – 22 above as though fully stated herein.

24. Trans Union denies the allegations contained in paragraph 24 of the Complaint.

25. Trans Union denies the allegations contained in paragraph 25 of the Complaint.

26. Trans Union denies the allegations contained in paragraph 26 of the Complaint.

27. Trans Union denies the allegations contained in paragraph 27 of the Complaint.

**COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i(a)(1)**
**(TRANS UNION)**

28. Trans Union restates and incorporates its responses to paragraphs 1 – 27 above as though fully stated herein.

29. Trans Union denies the allegations contained in paragraph 29 of the Complaint.

30. Trans Union denies the allegations contained in paragraph 30 of the Complaint.

31. Trans Union denies the allegations contained in paragraph 31 of the Complaint.

32. Trans Union denies the allegations contained in paragraph 32 of the Complaint.

**COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i(a)(2)(A)**
**(TRANS UNION)**

33. Trans Union restates and incorporates its responses to paragraphs 1 – 32 above as though fully stated herein.

34. Trans Union denies the allegations contained in paragraph 34 of the Complaint.

35. Trans Union denies the allegations contained in paragraph 35 of the Complaint.

36. Trans Union denies the allegations contained in paragraph 36 of the Complaint.

37. Trans Union denies the allegations contained in paragraph 37 of the Complaint.

**COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i(a)(4)**
**(TRANS UNION)**

38. Trans Union restates and incorporates its responses to paragraphs 1 – 37 above as though fully stated herein.

39. Trans Union denies the allegations contained in paragraph 39 of the Complaint.

40. Trans Union denies the allegations contained in paragraph 40 of the Complaint.

41. Trans Union denies the allegations contained in paragraph 41 of the Complaint.

42. Trans Union denies the allegations contained in paragraph 42 of the Complaint.

**COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i(a)(5)(A)**
**(TRANS UNION)**

43. Trans Union restates and incorporates its responses to paragraphs 1 – 42 above as though fully stated herein.

44. Trans Union denies the allegations contained in paragraph 44 of the Complaint.

45. Trans Union denies the allegations contained in paragraph 45 of the Complaint.

46. Trans Union denies the allegations contained in paragraph 46 of the Complaint.

47. Trans Union denies the allegations contained in paragraph 47 of the Complaint.

**COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681s-2(b)(1)(A)**
**(VERIZON)**

48. Trans Union restates and incorporates its responses to paragraphs 1 – 47 above as though fully stated herein.

49. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and, therefore, denies same.

50. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and, therefore, denies same.

51. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and, therefore, denies same.

52. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and, therefore, denies same.

**COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681s-2(b)(1)(B)**
**(VERIZON)**

53. Trans Union restates and incorporates its responses to paragraphs 1 – 52 above as though fully stated herein.

54. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and, therefore, denies same.

55. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and, therefore, denies same.

56. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint and, therefore, denies same.

57. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint and, therefore, denies same.

**COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681s-2(1)(C) and (D)**
**(VERIZON)**

58. Trans Union restates and incorporates its responses to paragraphs 1 – 57 above as though fully stated herein.

59. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint and, therefore, denies same.

60. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint and, therefore, denies same.

61. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint and, therefore, denies same.

62. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint and, therefore, denies same.

**COUNT NINE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681b(f)**
**(SOUTHWEST CREDIT)**

63. Trans Union restates and incorporates its responses to paragraphs 1 – 62 above as though fully stated herein.

64. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint and, therefore, denies same.

65. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint and, therefore, denies same.

66. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint and, therefore, denies same.

67. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint and, therefore, denies same.

68. Trans Union denies the allegations contained in and relief sought by Plaintiff in the prayer paragraph of the Complaint.

69. Trans Union admits that Plaintiff demands a trial by jury.

**DEFENSES**

70. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

71. Trans Union alleges that any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

72. Trans Union, in compliance with the Fair Credit Reporting Act, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

73. Trans Union at all times acted in compliance with the Fair Credit Reporting Act.

74. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

75. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process and Double Jeopardy Clauses of the Fifth Amendment, the Excessive Fines Clause of the Eighth Amendment, and the laws of the State of Virginia.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the court deems just.

Respectfully submitted,

/s/

Grant E. Kronenberg
Virginia bar # 65647
Attorney for Trans Union LLC
Morris & Morris, P.C.
11 S. 12th Street, 5th Floor
P.O. Box 30
Richmond, VA 23218
Phone: 804-344-8300
Fax: 804-344-8359
gkronenberg@morrismorris.com

DATED: August 15, 2012

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of August, 2012, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

Kristi Cahoon Kelly
kkelly@siplfirm.com
Andrew J. Guzzo
aguzzo@siplfirm.com
Surovell, Isaacs, Petersen & Levy, PLC
4010 University Dr., Second Floor
Fairfax, VA 22030
(703) 251-5400
(703) 591-9285 Fax
*And*
Leonard Anthony Bennett
lenbennett@cox.net
Consumer Litigation Assoc PC
763 J Clyde Morris Blvd, Suite 1A
Newport News, VA 23601
757-930-3660
757-930-3662 (Fax)
***Counsel for Plaintiff***

David Neal Anthony
david.anthony@troutmansanders.com
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219
(804) 697-5410
(804) 698-5118 Fax
***Counsel for Southwest Credit Systems, L.P.***

I further certify that I will cause a copy of the foregoing Motion and corresponding NEF by electronic mail on the following non-filing user: None.

/s/________________________
Grant E. Kronenberg
Virginia bar # 65647
Attorney for Trans Union LLC
Morris & Morris, P.C.
11 S. 12th Street, 5th Floor
P.O. Box 30
Richmond, VA 23218
Phone: 804-344-8300
Fax: 804-344-8359
gkronenberg@morrismorris.com