UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

| | | |
|---|---|---|
| BRIAN THACKER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:12cv779 LO/JFA |
| | ) | |
| TRANS UNION LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant, Verizon Virginia LLC ("Verizon"), by counsel, pursuant to Federal Rule of

Civil Procedure 12 (b) (6), files its Memorandum in Support of its Motion to Dismiss the

Complaint as to it, for failure to state a claim upon which relief can be granted, and in support

thereof states as follows:

**I.       INTRODUCTION**

Plaintiff Brian Thacker ("Thacker") filed a Complaint pursuant to the Fair Credit

Reporting Act**,** 15 U.S.C. Section 1681 et. seq. against three Defendants, alleging that Trans

Union LLC ("Trans Union"), a consumer reporting agency, failed to perform duties owed to him

under the FCRA, against Verizon as a furnisher of information for alleged violations of duties

due the Plaintiff, and Southwest Credit Systems, L.P. ("Southwest Credit") who Plaintiff claims

is a "user" of credit reports under the FCRA.

Plaintiff alleges that Trans Union was reporting a credit delinquency that did not exist in

the amount of $153.00 due to Verizon for an account which Thacker asserts was not his (para.

11).  Thacker alleges that on two occasions he sent correspondence to Trans Union which

responded that it had "verified" the account.  There is no allegation in the Complaint that Trans Union provided notice to Verizon that Thacker disputed the account.

Counts 1 through 5 assert claims against Trans Union for failure to establish reasonable procedures (Count 1), failing to conduct a reasonable investigation (Count 2), failing to provide Verizon with all relevant information (Count 3), failing to review and consider all relevant information submitted by Mr. Thacker (Count 4), and for failing to promptly delete the disputed inaccurate items of information (Count 5).

Count 6 asserts in generic, conclusory terms that Verizon failed "to fully and properly investigate Mr. Thacker's disputes" (para. 49). Thacker alleges in paragraph 51 that "the violations by Verizon were willful, rendering it liable for punitive damages," or, in the alternative, that Verizon was negligent.

Count 7 seeks relief against Verizon, alleging that it failed "to review all relevant information provided by the consumer report agencies" (para. 54).  Paragraph 56 alleges that the violations by Verizon were willful, rendering it liable for punitive damages or in the alternative, Verizon was negligent.

Count 8 alleges that Verizon violated the FCRA by "publishing the Verizons representations within Mr. Thacker's credit files with Trans Union without also including a notation that his debt was disputed" and by "failing to correctly report results of an accurate investigation to each credit reporting agency." Paragraph 61 of the Complaint alleges that the violations by Verizon render it liable for punitive damages, or in the alternative Verizon was negligent.

Count 9 seeks relief against Southwest Credit.

## II.     STANDARD OF REVIEW

A Rule 12(b)(6) Motion to Dismiss tests the legal sufficiency of a Complaint. *Randall v. United States*, 30 Fed.3d 518, 522 (4th Cir. 1994).  In deciding a Rule 12(b)(6) Motion to Dismiss, the Court is mindful of the liberal pleading standard under Rule 8 which requires  a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8.  Thus, the court takes the material allegations of the Complaint as admitted and liberally construes the Complaint in favor of plaintiffs. *Jenkins v. McKeithen*, 395 US 411, 421, 89 Sup. Ct.  1843, 23 L.Ed.2d 404 (1969).   In addition to the Complaint, the court may also examine documents incorporated into the Complaint by reference and matters of which a court may take judicial notice.  *Tellabs, Inc. v. Makor Issues and Rights, Ltd*., 551 US 308, 127, Sup. Ct. 2499, 2509, 168 L.Ed.2d 179 (2007).

Although Rule 8 does not require detailed factual allegations,  a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 US 544, 555, 127 S.Ct. 1955,  L.Ed.2d 929 (2007).  Courts will also decline to consider "unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd., v. Consumeraffairs.com, Inc.,* 591 F.3d 250, (4th Cir. 2009). *See also*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951-52,  173 L.Ed.2d 868 (2009).  In *Iqbal* the Supreme Court articulated a two-pronged analytical approach to be followed in ruling on a Rule 12(b)(6) Motion.  First, a court must identify and reject legal conclusions unsupported by factual allegations because they are not entitled to the presumption of truth. *Id.*, at 1951.  "[B]are assumptions that amount to "nothing more than a formulaic recitation of the elements do not suffice."  (Citing, *Twombly*, 550 US at 555).  Second, assuming the veracity "of well pleaded factual allegations," a court must conduct a "context-specific," analysis, drawing on its "judicial experience and common sense" to determine whether factual

allegations "plausibly suggest an entitlement to relief." *Iqbal*, 129 S.Ct. at 1950-51.  *Nemet*

*Chevrolet, Ltd. v. Consumer Affairs.com*, 591 F.3d 250 (2009).  The complaint must, however,

plead sufficient facts to allow a court, drawing on "judicial experience and common sense," to

infer "more than the mere possibility of misconduct.  *Id*.

## III.    INSUFFICIENCY OF ALLEGATIONS AGAINST VERIZON

### A.    <u>Count 6 - Failure to State a Claim Against Verizon</u>

Count 6 of the Complaint contains the mere conclusory allegation in paragraph 49 that

"Verizon violated 15 U.S.C. Section 1681s-2(b)(1)(A) by failing to fully and properly investigate

Mr. Thacker's disputes."  Thacker pleads absolutely no facts supporting the allegation that

Verizon failed to fully and properly investigate Mr. Thacker's dispute.  The Complaint is

completely bare of any factual allegation concerning the nature of the investigation conducted by

Verizon, or what Verizon failed to do which amounted to a failure to fully and properly

investigate Mr. Thacker's disputes.  Indeed, given the allegation of Count 3 against Trans Union,

that it failed to provide Verizon with all the relevant information regarding Mr. Thacker's

disputes, **it** is simply left to speculation as to what Verizon supposedly did or failed to do in the

matter that amounted to a violation.

Additionally, the allegation of paragraph 51 that Verizon's violation was willful

rendering it liable for punitive damages is unsupported by any factual allegation whatsoever, as

is the allegation that Verizon was negligent.

The allegations of Count 6 **are** a perfect example of the "formulaic recitation of the

elements" amounting to nothing more than a legal conclusion prohibited by *Twombly* & *Iqbal*,

and must be dismissed.

### B.    <u>Count 7 - Failure to State a Claim Against Verizon</u>.

Count 7 mirrors the format of Count 6,  the only significant difference being that it is alleged in paragraph 54 that Verizon violated the FCRA "by failing to review all relevant information provided by the consumer report agencies."  Additionally, paragraph 56 simply contains the conclusory allegation that Verizon's actions were willful, rendering it liable for punitive damages, but states no facts to support the allegation.

Count 7 is deficient, and violates the requirements of *Twombly* & *Iqbal*, and must be dismissed.

### C.     Count 8 - Failure to State a Claim Against Verizon

Count 8 of the Complaint alleges that Verizon is liable for "publishing the Verizons representations" without also including a notation "that this debt was disputed" and by failing to correctly report results of an accurate investigation to each credit reporting agency.  Once again, no facts whatsoever are stated to support this allegation, or the allegation that Verizon's actions were willful as set forth in paragraph 61:

> "To state a claim under Section 1681s-2(b), a plaintiff must allege, *inter alia*, that after he or she notified the consumer reporting agency of a dispute, the agency notified the defendant furnisher of information of the dispute, after which  defendant failed to adequately investigate; notice by a consumer directly to the furnisher of the information does not trigger the furnisher's duties under 1681s-2(b)."

*Alphonzo Craighead v. Nissan Motor Acceptance Corporation*, 2010 U.S. Dist. LEXIS 132123 (E.D. Va. 2010) at *12, affirmed, *Craighead v. Nissan*, 425 Fed. Appx. 197 (2011).  [Citations omitted.]  See also, *Taylor v. First Premier Bank*, 841 F.Supp. 2d 931, 933, 2012 U.S. Dist. LEXIS 8970 (E.D. Va. 2012) at *3.

No allegation of the Complaint states the required factual allegation that Trans Union notified Verizon of Thacker's dispute, and Count 8 must be dismissed.  Additionally, paragraph

61 simply contains the conclusory allegation that Verizon's actions were willful, rendering it liable for punitive damages, but states no facts to support the allegation.

## IV.   CONCLUSION

For the foregoing reasons, the allegations of the Complaint contained in Counts 6, 7 and 8 against Defendant Verizon Virginia LLC are insufficient to state a claim upon which relief may be granted and, accordingly, the Complaint should be dismissed in its entirety as to Defendant Verizon Virginia LLC.

WHEREFORE, Verizon Virginia LLC moves the Court to dismiss the Complaint as to it.

**VERIZON VIRGINIA LLC**
By Counsel

_____/s/_____
Robert H. J. Loftus, Esq., VB #13407
loftus@mccandlaw.com
Eric J. Berghold, Esq. VB #27566
berghold@mccandlaw.com
*Counsel for Defendant Verizon Virginia LLC*
**McCANDLISH & LILLARD**
a Professional Corporation
11350 Random Hills Road, Suite 500
Fairfax, Virginia  22030
Telephone:   (703) 273-2288
Facsimile:   (703) 273-4592

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Leonard Anthony Bennett
Consumer Litigation Associates
763 J Clyde Morris Boulevard
Suite 1A
Newport News, VA  23601
Telephone:    (757) 930-3660
Facsimile:    (757) 930-3662
Email: lenbennett@cox.net
Email: lenbennett@clalegal.com


Andrew Joseph Guzzo
Surovell, Isaacs, Petersen & Levy, Plc
4010 University Drive
Second Floor
Fairfax, Va 22030
Telephone:    (703) 251-5400
Facsimile:    (703) 541-9205
Email: aguzzo@siplfirm.com

Kristi Kelly, Esq.
Surovell, Isaacs, Petersen & Levy, Plc
4010 University Drive
Second Floor
Fairfax, Va 22030
Telephone:    (703) 277-9774
Facsimile:    (703) 591-9285
Email: kkelly@siplfirm.com

*Counsel for Plaintiff*

and

David N. Anthony
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone:    (804) 697-5410
Facsimile:    (804) 698-5118
Email: david.anthony@troutmansanders.com
*Counsel for Southwest Credit Systems, L.P.*

And by mail only to:

> Trans Union LLC
> c/o Corporation Service Company
> Registered Agent
> Bank of America Center 624
> 1111 East Main Street
> Richmond, Virginia  23219

_____/s/_____

Robert H. J. Loftus, Esq., VB #13407
loftus@mccandlaw.com
Eric J. Berghold, Esq. VB #27566
berghold@mccandlaw.com
**McCANDLISH & LILLARD**
a Professional Corporation
11350 Random Hills Road, Suite 500
Fairfax, Virginia  22030
Telephone:      (703) 273-2288
Facsimile:      (703) 273-4592
*Counsel for Verizon Virginia LLC*
